1

**KRONENBERGER ROSENFELD, LLP**

2
Karl S. Kronenberger (CA Bar No. 226112)
karl@KRInternetLaw.com

3
Jeffrey M. Rosenfeld (CA Bar No. 222187)
jeff@KRInternetLaw.com

4
150 Post Street, Suite 520

5
San Francisco, CA 94108
Telephone: (415) 955-1155

6
Facsimile: (415) 955-1158

7

8
Attorneys for Defendant
SHOWMARK MEDIA LLC

9

10

11

12

13

14



## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

15
**NICHOLAS BONTRAGER,**
individually and on behalf of all others
similarly situated,

16

Case No. CV14 - 1144 MRP (Ex)

[Los Angeles County Superior
Court Case No. BC532628]

17

Plaintiff,

18
v.

**NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C.
§§1446 & 1453 AND JURY
DEMAND**

19

**SHOWMARK MEDIA LLC**, a
Delaware limited liability company,
and **DOES 1 THROUGH 100**,

20

21

**(DIVERSITY)**

22

Defendants.

23

24

25

26

27

28

Case No.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1446 & 1453,

3    Defendant Showmark Media LLC ("Showmark"), gives notice of its removal

4    of the within action to the United States District Court for the Central District

5    of California, from the Superior Court of the State of California, in and for the

6    County of Los Angeles entitled *Bontrager, et al. v. Showmark Media LLC*, *et*

7    *al.* as Case No. BC532628.

8        1.    On January 8, 2014, an action was commenced in the Superior

9    Court of the State of California, in and for the County of Los Angeles,

10   entitled *Bontrager, et al. v. Showmark Media LLC*, *et al.* as Case No.

11   BC532628.  A copy of the complaint is attached hereto as **Exhibit A**.    A

12   copy of the summons is attached hereto as **Exhibit B**.

13       2.    Pursuant to 28 U.S.C. §1446(a), attached as **Exhibit C** are true

14   and correct copies of all other process, pleadings, orders, and other

15   materials served on Showmark in the state court action.

16       3.    Service of the complaint and summons in the state court action

17   was complete on January 14, 2014.   (Exhibit B.)   Thus, this notice of

18   removal is timely filed pursuant to 28 U.S. §1446(b).

19       4.    This is a civil action of which the Court has diversity jurisdiction

20   under 28 U.S.C. §1332(d)(2), and is one which may be removed to this

21   Court by Showmark pursuant to the provisions of 28 U.S.C. §§1441, 1446

22   and 1453.

23       5.    This action is a putative class action that asserts claims on

24   behalf of plaintiff and the putative class members against Showmark for

25   violations of Business and Professions Code section 17529.5.   (Compl.

26   *passim.*)

27       6.    Plaintiff's Complaint alleges that Showmark sent Plaintiff an

28   email containing the subject line, "Lawyer Media, Top Lawyers in California."

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

1 (Compl. ¶11.)  Plaintiff's Complaint further alleges that this subject line of
2 this email was likely to mislead a recipient, acting reasonably under the
3 circumstances, about a material fact regarding the contents or subject
4 matter of the message in violation of section 17529.5(a)(3).  (Compl. ¶16.)

5      7.     Plaintiff's Complaint defines the class as:

6     All California residents who received unsolicited commercial
7     emails from Showmark, with false or misrepresented
8     information contained in or accompanying the email headers,
9     misleading subject lines, misleading email body, and/or
10     misleading attachments in the emails within one year prior to
11     the filing of this Action.  (Compl. ¶18.)

12      8.     Section 17529.5 provides a remedy of "[l]iquidated damages of
13 one thousand dollars ($1,000) for each unsolicited commercial e-mail
14 advertisement transmitted in violation of this section, up to one million
15 dollars ($1,000,000) per incident."  Section 17529.1 defines "incident" as "a
16 single transmission or delivery to a single recipient or to multiple recipients
17 of an unsolicited commercial e-mail advertisement containing substantially
18 similar content."

19      9.     Showmark is a Delaware limited liability company with its
20 principal place of business in Shelton, Connecticut.  (Declaration of John
21 Hanaw in support of Notice of Removal of Action ("Hanaw Decl.") ¶2.)

22     10.     Since January 8, 2013, Showmark has sent in excess of 5,000
23 emails to members of the California Bar that were identical or similar to the
24 email described in Plaintiff's complaint.  (Hanaw Decl. ¶¶3-6.)  Thus, the
25 matter in controversy exceeds the sum or value of $5,000,0000, exclusive of
26 interest and costs.

27 //
28 //

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

1    11.    This action is a class action in which a member of the putative

2  class of plaintiffs is a citizen of a State different from any defendant, in that

3  each class member is a resident of California and Showmark is a citizen of

4  Delaware and Connecticut, the State where it is registered as a business

5  and the State of its principal place of business respectively.    28 U.S.C.

6  §1332(c) & (d)(10); *see Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026,

7  1032 n.13 (9th Cir. 2009) (finding that "CAFA abrogates the traditional rule

8  that an unincorporated association shares the citizenship of each of its

9  members for diversity purposes, and renders inapplicable the procedure in

10  Federal Rule of Civil Procedure 23.2, which generally determines whether a

11  federal court has subject matter jurisdiction over an action involving an

12  unincorporated association").    Moreover, no member or owner of Showmark

13  is a citizen of California.    (Hanaw Decl. ¶1.)    *See Johnson v. Columbia*

14  *Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (finding that an

15  LLC is a citizen of every state of which its owners/members are citizens).

16    12.    The Court may not decline jurisdiction under 28 U.S.C.

17  §1332(d)(3) because this is not an action where greater than one-third but

18  less than two-thirds of the members of the proposed plaintiff class in the

19  aggregate and the primary defendant are citizens of California.    Rather, all

20  of the plaintiff class members are citizens of California and Showmark is not

21  a citizen of California.

22    13.    This is not an action where the Court is required to decline

23  jurisdiction under 28 U.S.C. §1332(d)(4) because Showmark is not a citizen

24  of California, as required under subsection (d)(4)(A)(i)(II)(cc).

25    14.    Although the Complaint names DOES 1-100 as defendants,

26  pursuant to 28 U.S.C. §1441(b)(1), the citizenship of these defendants must

27  be disregarded.

28  //

1       15.    Removal to this Court is proper because the Superior Court of

2  California, County of Los Angeles is located within this district.

3       16.    Showmark certifies that it will file a copy of this notice with the

4  Clerk of the Superior Court of California, County of Los Angeles, and will

5  give notice of the same to counsel for Plaintiff.

Respectfully submitted,

DATED:  February 12, 2014       **KRONENBERGER ROSENFELD, LLP**

By: _____
      Jeffrey M. Rosenfeld

Attorneys for Defendant

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

# JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant Showmark Media LLC demands that this matter be tried to a jury of the maximum number permitted by law, on all issues so triable.


Respectfully submitted,


DATED:  February 12, 2014          **KRONENBERGER ROSENFELD, LLP**


By: _____
        Jeffrey M. Rosenfeld

Attorneys for Defendant

Exhibit A

Paul Mankin, Esq.- State Bar #264038
Law Offices of Paul Mankin, IV
8730 Wilshire Blvd. Suite 310
Beverly Hills, CA 90211
T: (877) 219-3577
F: (866) 633-0228
Attorneys for Plaintiff

Attorney for Plaintiff and proposed class
**NICHOLAS BONTRAGER**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 0 8 2014

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

BC 5 3 2 6 2 8

| | |
|---|---|
| | Case No. |
| **NICHOLAS BONTRAGER,** individually and on behalf of all others similarly situated, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA RESTRICTIONS ON UNSOLICITED COMMERCIAL E-MAIL (Cal. Bus. & Prof. Code § 17529.5)** |
| Plaintiffs, | |
| vs. | BY FAX |
| **SHOWMARK MEDIA, LLC, a Delaware limited liability company, and DOES 1 THROUGH 100.** | |
| Defendants. | |

## I. INTRODUCTION

1.     This class action arises out of Defendant Showmark Media LLC's ("Showmark") unlawful practice of advertising in false and deceptive Unsolicited Commercial Emails ("spam") in violation of Section 17529.5 of the Business & Professions Code.

2. The California legislature enacted this Article because it was found that roughly 40 percent of all e-mail traffic in the United States is comprised of unsolicited commercial e-mail advertisements. See § 17529(a). It was further found that spam e-mail messages will cost United States organizations more than $10,000,000,000 in any given year due to lost productivity, and the additional technology, man power, and software needed to combat the problem. See § 17529(d). Finally, the legislature also determined that spam e-mails do impose costs on the recipients in lost productivity, bandwidth, e-mail storage space, and it discourages people from using email. See § 17529(e).

3. Showmark sends spam to recipients who never consented to receive them. Many of the spam include false and misrepresented content, including notifying email recipients that they have received awards. Showmark is strictly liable for the actions of its affiliates.

4. Plaintiff Nicholas Bontrager brings this class action to recover statutory liquidated damages on behalf of himself as well as on behalf of a class defined as *"All California residents who received unsolicited commercial emails from showmarkmedia.com, with false or misrepresented information contained in or accompanying the email headers, body of the emails, and/or misleading subject lines, within one year prior to the filing of this Action,"* with certain exclusions as described *infra*. Plaintiffs also seek attorneys' fees and costs pursuant to statute.

## II. PARTIES

5. Plaintiff, NICHOLAS BONTRAGER ("Plaintiff"), is a natural person residing in Los Angeles in the state of California, and is a "recipient" as defined by California Business and Professions Code § 17529.1(m).

6. At all relevant times herein, Defendant, Showmark ("Defendant") is Delaware Corporation.  At all relevant times herein, Defendant sent commercial e-mails to persons located in the State of California and to California electronic mail addresses and therefore is an "Advertiser" as defined by California Business and Professions Code § 17529.1(a).  On information and belief, Plaintiff alleges that Defendant regularly sent e-mail advertisement messages to persons located in California and to California e-mail addresses.

7. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 100, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure.

8. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 100 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

///

///

## III. JURISDICTION AND VENUE

9.  This Court has jurisdiction over the Action because Plaintiff is located in California, Defendant sent commercial e-mails to persons located in California, and this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds $25,000.

10.  Venue is proper in this Court because this is a class action and Plaintiff is located in Los Angeles County.

## IV. FACTUAL ALLEGATIONS

11.   On July 8, 2013 at 2:42a.m., Plaintiff received an unsolicited commercial e-mail advertisement from Defendant to his California electronic mail address Nbontrager@attorneysforconsumers.com

The email contained a subject line stating "Lawyer Media, Top Lawyers in California" and the body of the email message stated:

> "Mr. Nicholas Bontrager, Your Top Lawyers In California Recognition Preview is now available. As Published In: Lawyer Media, June 2013. To order Click Here to view your custom web page or enter https://www.showmark.com/products.php?pc=9Y4RZZOW in your browser. Your Preview Code is: 9Y4RZZOW The plaque is $159 plus S/H.
>
> ...
>
> Your Professional Distinction is worthy of the premier recognition product in the marketplace. Let us turn your distinction into an impressive and elegant work of art, a beautiful addition to adorn your office, lobby or conference room."

A true and correct copy of the commercial email advertisement is attached as Exhibit 1 to this complaint.

11.     Plaintiff inquired with Defendant about the source of the "Top Lawyers in California" award and plaque but did not receive a response.

12.     Plaintiff is not aware of an award for a "Top Lawyer in California" bestowed to him and based on his research, has been unable to locate the award and/or recognition.

13.     On information and belief, Plaintiff believes that he has never been given an award for "Top Lawyer in California."

14.     On information and belief, Plaintiff never emailed Defendant and did not opt into Defendant's email list to receive emails.

15.     Plaintiff opened the email because the subject lined contained "Top Lawyers In California" and responded to the email because it informed him that he had received an award.  Defendant misled Plaintiff into believing that the email he received was due to him receiving an award for "Top Lawyers In California."

16.Defendant's conduct violated the California Business and Professions Code § 17529, et seq. including but not limited to:

a. Defendant violated California Business and Professions Code §
17529.2(b) by sending Plaintiff an unsolicited commercial e-mail
advertisement to Plaintiff's California electronic mail address; and

b. Sending an e-mail advertisement that a person knows would be
likely to mislead a recipient, acting reasonably under the
circumstances, about a material fact regarding the contents or subject
matter of the message. California Business and Professions Code §
17529.5(3)

17. As a result of Defendant's above violations, Plaintiff suffered loss of time,
loss of bandwidth, and loss of email storage space, and Defendant is liable to
Plaintiff for Plaintiff's actual damages, statutory damages, and costs and
attorney's fees.

## V. CLASS ACTION ALLEGATIONS

18. Plaintiff brings this class action for statutory liquidated damages on
behalf of the following Class:

*All California residents who received unsolicited commercial emails from
Showmark, with false or misrepresented information contained in or
accompanying the email headers, misleading subject lines, misleading
email body, and/or misleading attachments in the emails within one year
prior to the filing of this Action.*

19. Excluded from the Class are:

    a.  Defendants' officers, directors, legal representatives, employees, coconspirators, successors, subsidiaries, and assigns.

    b.  Any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

20.    **Numerosity.** The proposed Class is so numerous that individual joined of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is in the thousands and that members of the Class are numerous and geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

21.    **Commonality.** There is a well-defined community of interest in the questions of law and fact involved affecting the Class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

    a.  Did Class members receive unsolicited commercial email advertising Shomark's services, meaning that they:

        i.  Never gave direct consent to Showmark to send them commercial email, and

ii. Had no preexisting or current business relationship with Showmark.

b. Has Showmark established and implemented, with due care, practices and procedures reasonably designed to effectively prevent advertising in unlawful spam?

22.   **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have been similarly affected by Showmark's common course of conduct since they all received unlawful spam advertising Showmark's misleading services.

23.   **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests adverse to that of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation and with prosecuting actions related to consumer protection. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class.

24.   **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation

magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice. Adjudication of individual class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

## COUNT I: VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17529, ET SEQ.

25.     Plaintiff reincorporates by reference all of the preceding paragraphs.

26.     § 17529.5(B) of the California and Business Professions Code states that Advertisers must comply with all the sections in this Article and that a person or entity is entitled to actual damages, liquidated damages of $1000.00 up to $1,000,000.00 and attorney's fees and costs.

27.     To the extent that Defendant's actions, counted above, violated California Business and Professions Code § 17529, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situations, pray for judgment against defendants as follows:

A.     Certification of the proposed Class and notice thereto to be paid by Showmark.

B.     Adjudge and decree that Defendants have engaged in the conduct alleged herein;

C.     For liquidated damages of $1,000 per spam pursuant to Business & Professions Code § 17529.5(b )(I )(B)(ii);

D.     For attorneys' fees pursuant to Business & Professions Code§ 17529.5(b)(1 )(C);

E.     For costs, and pre-judgment and post-judgment interest; and

F.     For any and all such other and further relief that this Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this January 8, 2014

By: _____

L. Paul Mankin, Esq.
Law Office of L. Paul Mankin IV.
Attorney for Plaintiff

Exhibit B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ShowMark Media, LLC; a Delaware limited liability company, and Does 1 through 100.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Nicholas Bontrager, individually and on behalf of all others similarly situated

FOR COURT USE ONLY
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 08 2014

Sherri R. Carter, Executive Officer/Clerk
By Anabella Figueroa, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Los Angeles  111 N. Hill Street  Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* BC 532628  Dept. 311 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
L. Paul Mankin IV, 8730 Wilshire Blvd, Suite 310, Beverly Hills, CA 90211, 800-219-3577

| DATE: *(Fecha)* JAN 08 2014 | SHERRI R. CARTER Clerk, by *(Secretario)* Anabella Figueroa | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: ShowMark Media, LLC
   under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 1/14/14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Paul Mankin, IV. (SBN 264038)<br>The Law Offices of L. Paul Mankin, IV<br>8730 Wilshire Blvd., Suite 310<br>Beverly Hills, CA 90211 | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles |
| TELEPHONE NO.: (310) 776-6336          FAX NO.: | **JAN 0 8 2014** |
| ATTORNEY FOR *(Name):* Plaintiffs, NICHOLAS BONTRAGER, et. al. | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles | Sherri R. Carter, Executive Officer/Clerk |
| STREET ADDRESS: 111 North Hill Street | |
| MAILING ADDRESS: | By Shaunya Bolden, Deputy |
| CITY AND ZIP CODE: Los Angeles 90012 | |
| BRANCH NAME: Stanley Mosk Courthouse | |

| CASE NAME: | |
|---|---|
| NICHOLAS BONTRAGER et. al. v. SHOWMARK MEDIA, LLC | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)*   DEPT: | **BC 5 3 2 6 2 8**<br>JUDGE: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>*(Cal. Rules of Court, rules 3.400–3.403)* |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☑ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other Judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 8, 2014

Paul Mankin, IV
_____         ▶ _____
(TYPE OR PRINT NAME)                                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 (Rev. July 1, 2007) | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example:        U.S. Civil Statute: 47 USC 553
                                        Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

| SHORT TITLE: Nakagawa v. Greystone Alliance LLC, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

BY FAX

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☑ YES   TIME ESTIMATED FOR TRIAL 2-4   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Nakagawa v. Greystone Alliance LLC, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☒ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Nakagawa v. Greystone Alliance LLC, et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Nakagawa v. Greystone Alliance LLC, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1333 Federal Ave # 7B |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90025 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Beverly Hills___ courthouse in the ___West___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___January 8, 2014___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____



<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Willliam F. Highberger | 307 | 1402 |
| OTHER | | |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

<u>**APPLICATION**</u>
The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

<u>**PRIORITY OVER OTHER RULES**</u>
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

<u>**CHALLENGE TO ASSIGNED JUDGE**</u>
A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

<u>**TIME STANDARDS**</u>
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

<u>**FINAL STATUS CONFERENCE**</u>
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

<u>**SANCTIONS**</u>
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____        SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06                                                     By _____ Deputy Clerk
For Optical Use

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| NICHOLAS BONTRAGER, an individual | SHOWMARK MEDIA LLC, a Delaware limited liability company, and DOES 1-100 |

| **(b)** County of Residence of First Listed Plaintiff   Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|
| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br><br>Paul Mankin<br>Law Offices of Paul Mankin, IV<br>8730 Wilshire Blvd., Suite 310<br>Beverly Hills, CA 90211 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br><br>Jeffrey M. Rosenfeld<br>KRONENBERGER ROSENFELD, LLP<br>150 Post St., Suite 520<br>San Francisco, CA 94108 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

California Business & Professions Code § 17529.5

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

| FOR OFFICE USE ONLY: | Case Number: | CV14-1144 | |
|---|---|---|---|
| CV-71 (11/13) | | CIVIL COVER SHEET | Page 1 of 3 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No | [X] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? <br><br> Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? <br><br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes  [X] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [ ] | [X] | [ ] |
| Indicate the location in which a majority of defendants reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below. |
| If none applies, answer question C2 to the right.  ➡ | If none applies, go to the box below.  ⬇ |

Your case will initially be assigned to the WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Western Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?    ☒ NO    ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**    DATE: 2/12/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |