

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
karl@KRInternetLaw.com
Jeffrey M. Rosenfeld (CA Bar No. 222187)
jeff@KRInternetLaw.com
Conor H. Kennedy (CA Bar No. 281793)
conor@KRInternetLaw.com
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendant
SHOWMARK MEDIA, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICHOLAS BONTRAGER**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **SHOWMARK MEDIA, LLC**, a Delaware limited liability company, and **DOES 1 THROUGH 100**, <br><br> Defendants. | Case No. 2:14-cv-01144-MMM-EX <br><br> **DEFENDANT SHOWMARK MEDIA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Showmark Media, LLC ("Defendant"), in answer to the Class Action Complaint for Violations of California Restrictions on Unsolicited Commercial E-Mail ("Complaint") of Plaintiff Nicholas Bontrager ("Plaintiff"), herein admits, denies, and avers as follows:

## I. INTRODUCTION

1. Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 2 of the Complaint and on that basis denies them.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 4 and on that basis denies them.

## II. PARTIES

5. Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 5 of the Complaint and on that basis denies them.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits that it has sent commercial emails to residents of California. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

//
//

Case No. 2:14-cv-01144-MMM-Ex     1     **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

7. Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 7 of the Complaint and on that basis denies them.

8. Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 8 of the Complaint and on that basis denies them.

## III. JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies that this Court has personal jurisdiction over Defendant. Defendant admits that this Court has subject matter jurisdiction over this action. Defendant denies any remaining allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint.

## IV. FACTUAL ALLEGATIONS

11. Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 11 of the Complaint and on that basis denies them. Plaintiff did not serve Defendant with the supposed Exhibit 1 to the Complaint, and therefore, Defendant cannot make any admissions or denials regarding this exhibit, and on that basis denies any allegations pertaining to Exhibit 1.

Plaintiff erroneously included a second Paragraph 11 in its Complaint. Defendant lacks information or belief sufficient to admit or deny the allegations of the second Paragraph 11 of the Complaint and on that basis denies them.

//

12. Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 12 of the Complaint and on that basis denies them.

13. Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 13 of the Complaint and on that basis denies them.

14. Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 14 of the Complaint and on that basis denies them.

15. Defendant denies that it misled Plaintiff. Defendant lacks information or belief sufficient to admit or deny the remaining allegations of Paragraph 15 and on that basis denies them.

16. Paragraph 16 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 17 of the Complaint and on that basis denies them.

## V. CLASS ACTION ALLEGATIONS

18. Paragraph 18 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 18 and on that basis denies them.

19. Paragraph 19 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 19 and on that basis denies them.

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 22.

23. Paragraph 23 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information or belief sufficient to admit or deny the allegations of Paragraph 23 and on that basis denies them.

24. Paragraph 24 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 24 of the Complaint.

## COUNT I: VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17529, ET SEQ.

25. Defendant reincorporates by reference its responses to Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Paragraph 26 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies that the language in Paragraph 26 is the same language in Business and Professions Code section 17529.5 and thus denies the allegations in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27 of the Complaint.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

### (Personal Jurisdiction)

This Court does not have personal jurisdiction over Defendant because Defendant does not have sufficient minimum contacts with California such that it would fair and would not violate Due Process to hale Defendant into Court. Defendant expressly reserves the right to raise a defense of lack of personal jurisdiction.

## Second Affirmative Defense

### (Federal Preemption)

The Federal CAN-SPAM Act, 15 U.S.C. §7707 preempts all state law claims based on the receipt of commercial emails unless the state law claim sounds in tort. To wit, to rely on CAN-SPAM's savings clause and to avoid preemption, a section 17529.5 plaintiff must allege and prove that the defendant knew about the material misrepresentations in the emails at issue and that the plaintiff was harmed as a result of the misrepresentations.

Here, to the extent any misrepresentations existed, Defendant did not know about the alleged misrepresentations. Moreover, on information and belief, Plaintiff was not harmed by the alleged misrepresentation. Thus, Plaintiff's claims are preempted by U.S.C. §7707.

## Third Affirmative Defense

### (Failure to Mitigate)

On information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages Plaintiff claims to have sustained and for which he seeks recovery in this action.

### Fourth Affirmative Defense

### (Laches)

Plaintiff's claims are barred by the equitable doctrine of laches because Plaintiff unnecessarily delayed in pursuing his claims.

### Fifth Affirmative Defense

### (Unjust Enrichment)

Plaintiff's claims are barred by the equitable doctrine of unjust enrichment because the requested relief would result in an unjust enrichment in favor of Plaintiff and against Defendant.

### Additional Affirmative Defenses

Defendant hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend its answer to assert such additional affirmative defenses.

//
//
//
//
//
//



## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that judgment be rendered in its favor and that Plaintiff take nothing on his claims, that Plaintiff's claims, and each of them, be dismissed in their entirety with prejudice, and that costs be awarded to Defendant.

Respectfully submitted,

DATED: February 20, 2014          **KRONENBERGER ROSENFELD, LLP**


By: s/Jeffrey M. Rosenfeld
    Jeffrey M. Rosenfeld

Attorneys for Defendant Showmark Media, LLC



# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years and not a party to this action.  My business address is 150 Post Street, Suite 520, San Francisco, California 94108.

I hereby certify that on February 20, 2014, I served:

**1. DEFENDANT SHOWMARK MEDIA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

on the parties listed below as follows:

*Attorneys for Plaintiff:*

Paul Mankin
Law Offices of Paul Mankin, IV
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211

[X] BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, for collection and mailing, in San Francisco, California, following ordinary business practices, which is deposited with the US Postal Service the same day as it is placed for processing.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DATED: February 20, 2014

*Jennifer DaRin*



Case No. 2:14-cv-01144-MMM-Ex

8

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES