L. Paul Mankin, IV (SBN 264038)
LAW OFFICES OF L. PAUL MANKIN, IV
8730 Wilshire Blvd., Suite 310
Beverly Hills, California 90211
T: (877) 219-3577
F: (866) 633-0228
pmankin@paulmankin.com

Attorneys for Plaintiff
NICHOLAS BONTRAGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS BONTRAGER, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SHOWMARK MEDIA, LLC., an Delaware Limited Liability Company; and DOES 1 THROUGH 100, ,<br><br>Defendants. | Case No.: 2:14-cv-01144-MMM-E<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(1) Violation of California's Restrictions on Unsolicited E-mails (Cal. Business & Professions Code §§ 17529 *et seq*.);<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.);<br>(3) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*.);<br>(4) Violation of the Consumers Legal Remedies Act (Cal. Civil Code §§ 1750 *et seq*.); and<br>(5) Negligent Misrepresentation.<br><br>**Jury Trial Demanded** |

Plaintiff Nicholas Bontrager ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant SHOWMARK MEDIA, LLC. (hereinafter "Defendant" or "Showmark") to stop Defendant's unlawful practice of advertising in false and deceptive Unsolicited Commercial Emails ("spam") in violation of California law, including, but not limited to California Business & Professions Code § 17529.5.

2. The California legislature enacted this Article because it was found that roughly 40 percent of all e-mail traffic in the United States is comprised of unsolicited commercial e-mail advertisements. See § 17529(a). It was further found that spam e-mail messages will cost United States organizations more than $10,000,000,000 in any given year due to lost productivity, and the additional technology, man power, and software needed to combat the problem. See § 17529(d). Finally, the legislature also determined that spam e-mails do impose costs on the recipients in lost productivity, bandwidth, e-mail storage space, and it discourages people from using email. See § 17529(e).

3. Showmark sends spam to recipients who never consented to receive them. Many of the spam include false and misrepresented content, including notifying email recipients that they have received awards. Showmark is strictly liable for the actions of its affiliates.

4. Plaintiff Nicholas Bontrager brings this class action to recover statutory liquidated damages on behalf of himself as well as on behalf of a class defined as *"All California residents who received unsolicited commercial emails from showmarkmedia.com, with false or misrepresented information contained in or accompanying the email headers, body of the emails, and/or misleading subject lines, within one year prior to the filing of this Action,"* with certain exclusions as described *infra.* Plaintiffs also seek attorneys' fees and costs pursuant to statute.

## PARTIES

5. Plaintiff, NICHOLAS BONTRAGER ("Plaintiff"), is a natural person residing in Los Angeles in the state of California, and is a "recipient" as defined by California Business and Professions Code § 17529.1(m).

6. At all relevant times herein, Defendant, Showmark ("Defendant") is Delaware Corporation. At all relevant times herein, Defendant sent commercial e-mails to persons located in the State of California and to California electronic mail addresses and therefore is an "Advertiser" as defined by California Business and Professions Code § 17529.1(a). On information and belief, Plaintiff alleges that Defendant regularly sent e-mail advertisement messages to persons located in California and to California e-mail addresses.

7. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 100, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure.

8. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 100 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this case is filed as a class action under Federal Rules of Civil Procedure 23 and the aggregate amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and a substantial number of members of the class are citizens of a state different from California.

10. Venue is proper in this district and division under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

///

# PLAINTIFF'S FACTS

11.   On July 8, 2013 at 2:42a.m., Plaintiff received an unsolicited commercial e-mail advertisement from Defendant to his California electronic mail address Nbontrager@attorneysforconsumers.com . The email contained a subject line stating "Lawyer Media, Top Lawyers in California" and the body of the email message stated:

> "Mr. Nicholas Bontrager, Your Top Lawyers In California Recognition Preview is now available. As Published In: Lawyer Media, June 2013. To order Click Here to view your custom web page or enter
> https://www.showmark.com/products.php?pc=9Y4RZZOW in your browser. Your Preview Code is: 9Y4RZZOW The plaque is $159 plus S/H.
>
> ...
>
> Your Professional Distinction is worthy of the premier recognition product in the marketplace. Let us turn your distinction into an impressive and elegant work of art, a beautiful addition to adorn your office, lobby or conference room."

A true and correct copy of the commercial email advertisement is attached as Exhibit 1 to this complaint.

12.   Plaintiff inquired with Defendant about the source of the "Top Lawyers in California" award and plaque but did not receive a response.

13.   Plaintiff is not aware of an award for a "Top Lawyer in California" bestowed to him and based on his research, has been unable to locate the award and/or recognition.

14.   On information and belief, Plaintiff believes that he has never been given an award for "Top Lawyer in California."

15.   On information and belief, Plaintiff never emailed Defendant and did not opt into Defendant's email list to receive emails.

///

16. Plaintiff received Showmark's e-mail at his work e-mail address, with the subject lined, "Top Lawyers In California." Plaintiff opened and responded to the email, believing it was an announcement for an award or recognition he had received from a respected legal association or organization. The e-mail informed Plaintiff that he had received an award for "Top Lawyers In California." Plaintiff was misled to believe that if he paid $159.00 to Showmark, he would receive a plaque memorializing the award or recognition from the respected legal association or organization.

17. Upon further research and investigation as to basis and source of the award and/or recognition as a Top Lawyers In California," on information and belief, Plaintiff discovered that no such association, organization, or institution existed.

18. As a result of Defendant's above violations, Plaintiff suffered loss of time, loss of bandwidth, and loss of email storage space, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

20. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All *California residents who received unsolicited commercial emails from Showmark, with false or misrepresented information contained in or accompanying the email headers, misleading subject lines, misleading email body, and/or misleading attachments in the emails within one year prior to the filing of this Action.* ("Class Members").

21. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

22. Excluded from the Class are Showmark, its affiliates, officers, directors, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and the Court, its judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

23. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

24. This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2), or (b)(3) and satisfies the requirements thereof.

25. There is a well-defined community of interest in the litigation and the class is readily ascertainable:

    (a) <u>Numerosity</u>: Upon information and belief, the members of the class (and subclass) are so numerous that joinder of all members would be unfeasible and impractical.

    (b) <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he has a well-defined community of interest, because Plaintiff and Class Members have been similarly affected by Showmark's common course of conduct since they all received unlawful spam advertising Showmark's misleading service. Showmark's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims (or defenses, if any) are typical of all Class Members as demonstrated herein.

    (c) <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom he has a well-defined community of interest and

typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

  (d) <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

26. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members, including but not limited to:

  (a) Whether Class Members received unsolicited commercial emails, advertising Showmark's services;

  (b) Whether Class Members gave direct consent to Showmark to receive the commercial emails or had a pre-existing or current relationship with Showmark;

  (c) Whether Showmark engaged in unlawful, unfair, or deceptive business practices by sending unsolicited commercial emails, advertising Showmark's services to consumers;

  (d) Whether Showmark established and implemented, with due

care, practices and procedures reasonably designed to effectively prevent advertising in unlawful spam;

(e) Whether Showmark violated California Bus. & Prof. Code § 17529, *et seq.*, California Bus. & Prof. Code §17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;

(f) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(g) Whether Showmark's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(h) The method of calculation and extent of damages for Plaintiff and Class Members.

## FIRST CAUSE OF ACTION

## Violation of California's Restrictions on Unsolicited E-mails

## (Cal. Bus. & Prof. Code §§ 17529 *et seq.*)

27. Plaintiff incorporates by reference each allegation set forth above.

28. California Business and Professions Code Section 17529.5(b) of the California and Business Professions Code states that Advertisers must comply with all the sections in this Article and that a person or entity is entitled to actual damages, liquidated damages of $1000.00 up to $1,000,000.00 and attorney's fees and costs.

29. Defendant's conduct violated the California Business and Professions Code §§ 17529, *et seq.*, including but not limited to:

a. Defendant violated California Business and Professions Code § 17529.2(b) by sending Plaintiff an unsolicited commercial e-mail advertisement to Plaintiff's California electronic mail address; and

b. Sending an e-mail advertisement that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances,

about a material fact regarding the contents or subject matter of the message. California Business and Professions Code § 17529.5(3).

30. To the extent that Defendant's actions, counted above, violated California Business and Professions Code § 17529, those actions were done knowingly and willfully.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

31. Plaintiff incorporates by reference each allegation set forth above.

32. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful, unfair or fraudulent business act or practice."

33. As set forth above, under California Business and Professions Code, Defendant violated California Business and Professions Code §§ 17529 *et seq.*, by sending Plaintiff an unsolicited commercial e-mail advertisement to Plaintiff's California electronic mail address, knowing it would be likely to mislead Plaintiff and Class Members about a material fact regarding the contents or subject matter of the message. Such actions are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq.

34. Showmark's sending of unsolicited commercial e-mail advertisement to Plaintiff and Class Members, knowing it would be likely to mislead them about a material fact regarding the contents or subject matter of the message, as set forth herein, also constitutes an "unfair" business act or practice within the meaning of California Business and Professions Code sections 17200 et seq., because any utility for Showmark's conduct is outweighed by the gravity of the consequences to Plaintiff and Class Members and because the conduct offends public policy.

35. In addition, Showmark's sending of unsolicited commercial e-mail advertisement to Plaintiff and Class Members, knowing it would be likely to

mislead them about a material fact regarding the contents or subject matter of the message constitutes a "fraudulent" business practice or act within the meaning of Business and Professions Code Section 17200 et seq.  California Business and Professions Code §§ 17529 *et seq.*, was carefully crafted to prevent to businesses from sending misleading unsolicited commercial e-mail advertisement to protect the consuming public from being deceived.  Showmark's unsolicited e-mail advertisements pose the very risk of deception the regulations were promulgated to protect against.

36.   Moreover, there were reasonable alternatives available to Showmark to further its legitimate business interests, other than the conduct described herein. For example, Showmark could have complied with act within the meaning of Business and Professions Code Section 17200 et seq.  California Business and Professions Code §§ 17529 *et seq.*, requirements by not sending the misleading unsolicited e-mail advertisements to Plaintiff and Class Members.

37.   Showmark used its misleading and unsolicited email advertisements to induce Plaintiff and Class Members to purchase its services.  Had Showmark not sent the misleading and unsolicited email advertisements, Plaintiff and Class Members would not have purchased their services and/or would have paid less for the services.  Showmark's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

38.   Showmark has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Showmark, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Showmark to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Showmark to correct its actions.

# THIRD CAUSE OF ACTION

## Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

39. Plaintiff incorporates by reference each allegation set forth above.

40. Pursuant to California Business and Professions Code section 17500, et seq., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

41. As explained above, Showmark induced or attempted to induce Plaintiff and Class Members into paying for services by sending misleading and unsolicited e-mails, falsely suggesting that Plaintiff and Class Members had won an award or recognition from an entity that does not exist.

42. As also explained above, California Business and Professions Code §§ 17529 et seq., is carefully crafted to protect the consuming public from being deceived. Showmark's non-compliant and unsolicited e-mail advertising, declaring that Plaintiff and Class Members had won an award or recognition that does not exist poses the very risk of deception the law was promulgated to protect against.

43. Showmark is a multi-million dollar company advised by skilled counsel who, on information and belief, are or by the exercise of reasonable care should be aware of the governing laws and their purpose, and the fact that Showmark's misleading and unsolicited emails run afoul of them.

44. Showmark's use of the misleading and unsolicited e-mails to induce purchase of their services therefore constitutes untrue and/or misleading advertising within the meaning of Business and Professions Code Section 17500 et seq.

45. Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Showmark for restitution, disgorgement, injunctive

relief, and all other relief afforded under Business & Professions Code section 17500, plus interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

## Violation of the Consumers Legal Remedies Act

## (Cal. Civil Code §§ 1750 *et seq*.)

46. Plaintiff incorporates by reference each allegation set forth above.

47. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code Sections 1750 et seq. ("CLRA").

48. The CLRA has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family or household purposes. The self-declared purposes of the act are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

49. The Defendant named herein is a "person" as defined by Civil Code section 1761(c) because it is a corporation and/or company as set forth above.

50. Plaintiff and Class Members are "consumers" within the meaning of Civil Code section 1761(d) because they are individuals who purchased the services at issue in this complaint for personal and/or household use.

51. Showmark's services are "services" within the meaning of California Civil Code section 1761 (b) in that they are work, labor, and services for personal, family, and/or household use.

52. Plaintiff's and Class Members' payments for the services offered by Showmark are "transaction[s]" as defined by Civil Code section 1761 (e) because Showmark entered into an agreement to provide services in exchange for Plaintiff's and Class Members' monetary compensation.

53. Plaintiff has standing to pursue this claim as he has suffered injury in fact and has lost money as a result of Showmark's actions as set forth herein.

Specifically, had Showmark not sent its misleading and unsolicited e-mail advertisement, Plaintiff would not have suffered loss of time, loss of bandwidth, and loss of email storage space.

54. Section 1770(a)(5) of the CLRA prohibits anyone from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." As discussed above, Showmark sent misleading and unsolicited e-mails, falsely suggesting that Plaintiff and Class Members had won an award or recognition that does not exist, in violation of California Business and Professions Code §§ 17529 et seq. As a result, by marketing, advertising, and employing the misleading and unsolicited e-mails, Showmark effectively represented that its services has sponsorship, approval, characteristics, uses and benefits which it does not have under the governing law.

55. Section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing, advertising, and employing the misleading and unsolicited e-mails, Showmark similarly represented its services to be of a particular standard, quality or grade which it is not under the governing law.

56. Section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised." As noted above, Showmark is a multi-million dollar company advised by skilled counsel who, on information and belief, are or by the exercise of reasonable care should be aware of the governing laws and their purpose, and the fact that Showmark's misleading and unsolicited emails run afoul of them. By introducing its misleading and unsolicited e-mails into the stream of commerce notwithstanding this knowledge, Showmark thus intentionally sold a misbranded service.

57. Pursuant to section 1782 of the CRLA, Plaintiff notified Showmark in writing of the particular violations of section of the CLRA and demanded that Showmark rectify the problems associated with the behavior detailed above, which acts and practices are in violation of Civil Code section 1770.

58. Showmark failed to adequately respond to Plaintiff's above-described demands and failed to give notice to all affected consumers, pursuant to Civil Code section 1782.

59. Plaintiff seeks an order enjoining the act and practices described above, restitution of property, and any other relief that the court deems proper.

60. Currently, pursuant to California Civil Code 1782(d), with respect only to Plaintiff's CLRA claim, Plaintiff only seeks equitable and injunctive relief through the CLRA and not actual damages via the CLRA.  Upon Showmark's failure to rectify or agree to adequately rectify the problems associated with the actions detailed above, Plaintiff will amend his complaint to additionally seek damages, restitutionary relief, punitive damages, attorneys' fees and costs, and any other relief available under section 1780(a) of the CRLA.

## FIFTH CAUSE OF ACTION
## Negligent Misrepresentation

61. Plaintiff incorporates by reference each allegation set forth above.

62. Showmark owed a duty to Plaintiff and Class Members to exercise reasonable care in making representations about its services which it offered for sale to consumers.

63. Showmark knew, or should have known by the exercise of reasonable care, that its misleading and unsolicited e-mails to consumers violated California Business and Professions Code §§ 17529 et seq.  Never the less, Showmark negligently and/or recklessly sent the misleading and unsolicited e-mails, declaring that Plaintiff and Class Members had received a non-existent award or recognition, in order to induce consumers to purchase their services.

64. Plaintiff and Class Members reviewed, believed, and relied upon the misleading and unsolicited e-mails when deciding to purchase Showmark's services, and how much to pay for the services.

65. As a direct and proximate result of Showmark's negligent and/or reckless conduct, Plaintiff and Class Members have been damaged in an amount to be proven at trial.

## MISCELLANEOUS

66. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

67. Plaintiff requests a trial by jury of all issues which may be tried by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

68. Plaintiff, on behalf of himself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) A declaratory judgment that the Showmark's misleading and unsolicited e-mails are unlawful;

(d) An order requiring Showmark, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(e) An order requiring Showmark to change the e-mails for its services such that it complies with all applicable laws and regulations;

(f) An order requiring Showmark to engage in corrective advertising regarding the conduct discussed above;

(g) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded services during the relevant class period;

(h) Punitive damages, as allowable, in an amount determined by the Court or jury;

(i) Any and all statutory enhanced damages;

(j) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(k) Pre- and post-judgment interest; and

(l) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  March 21, 2014                     Respectfully submitted,

**Law Office of L. Paul Mankin, IV**

By: s/Paul Mankin
L. Paul Mankin, IV

Attorneys for Plaintiff Nicholas Bontrager

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is LAW OFFICES OF PAUL MANKIN, IV. On March 21, 2014, I served the herein described document(s):

**FIRST AMENDED CLASS ACTION COMPLAINT**

ON THE FOLLOWING PARTIES/ATTORNEYS:

**Kronenberger Rosenfeld, LLP**
Karl S. Kronenberger
karl@KRInternetLaw.com
Jerffrey M. Rosenfeld
jeff@KRInternetLaw.com
Conor H. Kennedy
conor@KRInternetLaw.com

[X]  **BY ELECTRONIC CASE FILING:** I filed the submitted the document listed above via the court's Electronic Case Filing (ECF) system which provides electronic mail (email) service of the listed document directly to the party listed above to his/her "email address of record."

[X]  **STATE:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on March 21, 2014, at Beverly Hills, California.

By: / s/ Paul Mankin
L. Paul Mankin, IV