L. Paul Mankin, IV (SBN 264038)
LAW OFFICES OF L. PAUL MANKIN, IV
8730 Wilshire Blvd., Suite 310
Beverly Hills, California 90211
T:  (877) 219-3577
F: (866) 633-0228
pmankin@paulmankin.com

Attorneys for Plaintiff
NICHOLAS BONTRAGER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS BONTRAGER, individually, and on behalf of other members of the general public similarly situated, | Case No.:  2:14-cv-01144-MMM-E |
| Plaintiffs, | **OPPOSITION TO DEFENDANT SHOWMARK MEDIA LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| vs. | |
| SHOWMARK MEDIA, LLC., an Delaware Limited Liability Company; and DOES 1 THROUGH 100, , | **Date: June 9, 2014** <br> **Time: 10am** <br> **Ctrm: 780** |
| Defendants. | **Hon. Margaret M. Morrow** |

///

///

///

///

///

///

///

///

///

///

OPPOSITION TO MOTION TO DISMISS

1       Plaintiff Nicholas Bontrager ("Plaintiff"), individually and on behalf of all
2  other members of the public similarly situated, by and through his counsel of
3  record, hereby respectfully submits his instant Opposition to Defendant Showmark
4  Media LLC's Motion to Dismiss Plaintiff's First Amended Complaint.  In support
5  thereof, Plaintiff states as follows:

6  **NATURE OF THE ACTION**

7       On or about March 21, 2014, Plaintiff filed his First Amended Complaint
8  ("FAC") against Defendant.  Plaintiff brings this class action against Defendant
9  SHOWMARK MEDIA, LLC. (hereinafter "Defendant" or "Showmark") to stop
10 Defendant's unlawful practice of advertising in false and deceptive Unsolicited
11 Commercial Emails ("spam") in violation of California law, including, but not
12 limited to California Business & Professions Code § 17529.5.

13      The California legislature enacted this Article because it was found that
14 roughly 40 percent of all e-mail traffic in the United States is comprised of
15 unsolicited commercial e-mail advertisements.  See § 17529(a).  It was further
16 found that spam e-mail messages will cost United States organizations more than
17 $10,000,000,000 in any given year due to lost productivity, and the additional
18 technology, man power, and software needed to combat the problem. See §
19 17529(d). Finally, the legislature also determined that spam e-mails do impose
20 costs on the recipients in lost productivity, bandwidth, e-mail storage space, and it
21 discourages people from using email. See § 17529(e).  *FAC Para 2*.  In complete
22 contravention of the legislature's intent to thwart such practices, Showmark sends
23 spam to recipients who never consented to receive them. Many of the spam
24 include false and misrepresented content, including notifying email recipients that
25 they have received awards. Showmark is strictly liable for the actions of its
26 affiliates. *FAC para 3*.

27      As such, Plaintiff brings this putative class action to recover statutory
28 liquidated damages on behalf of himself as well as on behalf of a class defined as

1 | *"All California residents who received unsolicited commercial emails from*
2 | *showmarkmedia.com, with false or misrepresented information contained in or*
3 | *accompanying the email headers, body of the emails, and/or misleading subject*
4 | *lines, within one year prior to the filing of this Action,"* with certain exclusions as
5 | described *infra.* Plaintiffs also seek attorneys' fees and costs pursuant to statute.
6 | *FAC para 4.*

## STATEMENT OF FACTS AND PROCEDURE

8 | On July 8, 2013 at 2:42a.m., Plaintiff received an unsolicited commercial e-
9 | mail advertisement from Defendant to his California electronic mail address
10 | Nbontrager@attorneysforconsumers.com. The email contained a subject line
11 | stating "Lawyer Media, Top Lawyers in California" and the body of the email
12 | message stated:

> "Mr. Nicholas Bontrager, Your Top Lawyers In California
> Recognition Preview is now available. As Published In: Lawyer
> Media, June 2013. To order Click Here to view your custom web page
> or enter
> https://www.showmark.com/products.php?pc=9Y4RZZOW in your
> browser. Your Preview Code is: 9Y4RZZOW The plaque is $159 plus
> S/H.
>
> ...
>
> Your Professional Distinction is worthy of the premier recognition
> product in the marketplace. Let us turn your distinction into an
> impressive and elegant work of art, a beautiful addition to adorn your
> office, lobby or conference room."

A true and correct copy of the commercial email advertisement was attached as
Exhibit 1 to the FAC.

Plaintiff inquired with Defendant about the source of the "Top Lawyers in
California" award and plaque but did not receive a response.  Plaintiff is not aware
of an award for a "Top Lawyer in California" bestowed to him and based on his
research, has been unable to locate the award and/or recognition.

On information and belief, Plaintiff believes that he has never been given an award for "Top Lawyer in California." On information and belief, Plaintiff never emailed Defendant and did not opt into Defendant's email list to receive emails. Plaintiff received Showmark's e-mail at his work e-mail address, with the subject lined, "Top Lawyers In California." Plaintiff opened and responded to the email, believing it was an announcement for an award or recognition he had received from a respected legal association or organization. The e-mail informed Plaintiff that he had received an award for "Top Lawyers In California." Plaintiff was misled to believe that if he paid $159.00 to Showmark, he would receive a plaque memorializing the award or recognition from the respected legal association or organization.

Upon further research and investigation as to basis and source of the award and/or recognition as a Top Lawyers In California," on information and belief, Plaintiff discovered that no such association, organization, or institution existed. As a result of Defendant's above violations, Plaintiff suffered loss of time, loss of bandwidth, and loss of email storage space, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

On or about February 13, 2014, Defendant removed this matter to this Honorable Court. *Dkt. #1*. On or about February 26, 2014, this Honorable Court issued an order setting the instant case for a Scheduling Conference to take place on April 7, 2014. *Dkt #9*. On March 18, 2014, Defendant filed a Motion for Judgment on the Pleadings. *Dkt. # 10*. Plaintiff filed his First Amended Complaint on March 21, 2014. *Dkt. # 14*.

On April 7, 2014, the parties, through counsel, appeared before this Honorable Court for a Scheduling Conference and the Court issued its Scheduling Order. *Dkt #20*. The same day, Defendant filed its Motion to Dismiss Plaintiff's FAC, alleging that Plaintiff failed to alleged adequate facts to support his causes of action and/or lacks standing to assert his causes of action.

*Dkt. 19.*  Plaintiff now responds in opposition to Defendant's motion on the basis that Defendant is incorrect in its factual and legal interpretations as to the facts and causes of action Plaintiff alleges and seeks recover under and thus respectfully requests that this Honorable Court deny Defendant's motion in its entirety.

<u>**ARGUMENT**</u>

**I.     Standard of Review Pursuant to Fed. R. Civ. P. 12(b)(6)**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Fair notice is given when a complaint contains, "sufficient matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), quotiing Twombly at 570.

"In a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the burden falls on the defendant to prove that the complaint fails to state a claim upon which relief can be granted. All factual uncertainties in the complaint must be construed in the light most favorable to the plaintiff. *In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 926 (9th Cir.1996). The Court will dismiss only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.,* 135 F.3d 658, 661 (9th Cir.1998). *Medialdea v. Law Office of Evan L. Loeffler PLLC,* 2009 WL 1767185, Pg. 1 (W.D.Wash.,2009).

Further, "the allegations of the complaint must be accepted as true. *See Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Int'l Ass'n*

1   *v. Schermerhorn,* 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963).

2   In general, the Complaint is construed favorably to the pleader. *See Scheuer v.*

3   *Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on

4   other grounds by *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d

5   396 (1982). *Watts v. Allstate Indem. Co*., 2009 WL 1905047, Pg. 3 (E.D. CA

6   2009).

7          Defendant has failed to meet its burden in the present matter.  Plaintiff's

8   Complaint clearly and effectively informs the Defendant of the conduct to which

9   Plaintiff complains of as well as clearly and concisely informs the Defendant

10  under what legal theories Plaintiff seeks relief.

11         **2.      Plaintiff Has Sufficiently Plead That Defendant's July 8, 2013 E-**

**Mail is misleading**

12         *California Business & Professions Code § 17529.5(a)(3)* prohibits:

13                 …[A]ny person or entity to advertise in a commercial e-
                   mail either sent from California or sent to a California
14                 electronic mail address under any of the following
                   circumstances:
15                 (3)  The email advertisement has a subject line that a
16                 person knows would be likely to mislead a recipient,
                   acting reasonably under the circumstances, about a
17                 material fact regarding the contents or subject matter of
                   the message.
18

19

20         "The "likely to mislead" language in section 17529.5, subdivision (a)(3) is

21  "virtually identical" to the standard that is used in applying other consumer

22  protection laws that target false or deceptive advertisements, including section

23  17200 and 17500. (*Kleffman, supra,* 49 Cal.4th at p. 343, 110 Cal.Rptr.3d 628,

24  232 P.3d 625 ["the language in section 17529.5, subdivision (a)(3) ... is virtually

25  identical to the language that, only months before section 17529.5's passage, a

26  California appellate court announced for applying section 17500 and 17200"].) **It**

27  **is well-established that whether a statement is "likely to deceive" a**

28  **reasonable consumer is "generally a question of fact." (***Linear Technology*

*Corp. v. Applied Materials, Inc.,* (2007) 152 Cal.App.4th 115, 134, 61 Cal.Rptr.3d 221); *Consumer Advocates v. Echostar Staellite Corp*. (2003) 113 Cal.App.4th 1351,1361, 113 Cal.App.4th 1351, 8 Cal.Rptr.3d 22); "[T]he primary evidence" in such cases "is the advertising itself." (*Brockey v. Moore* (2003) 107 Cal.App.4th 86, 100, 131 Cal.Rptr.2d 746.). *Hypertouch, Inc. v. Valueclick, Inc*., 192 Cal. App. 4th 805, 839 (Cal. App. 2nd Dist. 2011) (Citations in original) (emphasis added).

Similar consumer protection statutes which prohibit false, deceptive or misleading communications to a consumer have also been found to be issues of fact for a fact finder and thus not appropriate to dismiss at the pleading stage. **"[W]e treat the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact**." *Allen v. Bank of America, N.A.*, 2012 WL 5412654 *10 (N.D.ILL 2012) (interpreting section 1692(e) of the Fair Debt Collection Practices Act prohibition on false and misleading statements to consumers). *A jury* must decide what "actual effect" a debt collector's statement had on the "unsophisticated consumer." *Walker v. National Recovery, Inc*., 200 F. 3d 500, 503 (7th Cir. 1999) (emphasis added). Further, according to the Seventh Circuit Court of Appeals, "We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion  because "district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *McMillan v. Collection Professionals, Inc. 455 F.3d 754, 759 (7th Cir. 2006).*

The facts and questions presented in this matter are no different and this Court should adopt the ruling of numerous courts cited above in holding that the misleading e-mail sent by Defendant is sufficiently plead, a question of fact and not suitable for determination at the pleading stages.

Plaintiff alleges that Defendant's July 8, 2013 email was titled "Lawyer Media, Top Lawyers in California" in the subject line. *FAC para 11*.  It is

OPPOSITION TO MOTION TO DISMISS

important note that **Defendant's email was intentionally sent to a California Attorney to his California email address used specifically for his California law practice.**  In fact, the subject body of Defendant's email indeed advises Plaintiff, albeit falsely, that Plaintiff had been bestowed a "Top Lawyers in California Recognition" of which Plaintiff's "Professional Distinction" should be memorialized by purchasing Defendant's product.  *FAC para 11*.  Clearly, a reasonable consumer would or could be mislead into interpreting Defendant's email in the same manner that Plaintiff did.  It cannot be said that as a matter of law, no reasonable consumer (or fact finder) could not be mislead to interpret this email message and subject line to infer that Plaintiff had been bestowed an award or recognition as a "Top Lawyer in California."

Further, Defendant incorrectly advises the Court that the *only* language to be analyzed under Plaintiff's 17529.5(a)(3) claim is the subject line of the July 8, 2013 email.  This is simply not so and contrary to the black letter of the law and the very cases Defendant cites in its motion.  The very language of 17529.5(a)(3) states that an email runs afoul of this provision if the subject line will mislead the recipient "…about a material fact **regarding the contents or subject matter of the message**." (emphasis added); see also *Hypertouch* at 837-838.  In fact, as Defendant's own motion confirms: "a plaintiff must allege that the subject line of an email is either inconsistent with the body of the email **or creates a false impression in the recipient, which false impression is then perpetuated by the body of the email**."  *Def's Mot. Pg. 5, ll. 1-4*. (Emphasis added).  By Defendant's own admission, it is NOT just simply the subject line which is to be analyzed when determining a violation of section 17529.5(a)(3), in fact, the body of the email must also be necessarily reviewed in order to determine if the subject line is *either* inconsistent with or perpetuates a falsity contained within the body of the email.

In the instant matter, the latter is clear:  Defendant's July 8, 2013 not only mislead Plaintiff into believing that he had been bestowed an award or recognition

as a "Top Lawyer" in California, but the subject line of the July 8, 2013 created a falsity which was perpetuated by the body of Defendant's email which advised Plaintiff of his alleged (though non-existent) "recognition" and "professional distinction" to which Plaintiff should memorialize by paying Defendant the sum of "$159 plus S/H" for a plaque.

Plaintiff has more than adequately plead the requisite misleading and/or false nature of Defendant's July 8, 2013 to defeat Defendant's faulty motion. Not only does Plaintiff allege in his FAC that Defendant's email was false and/or deceptive as no such "Top Lawyer" award so exists, but also has alleged that Plaintiff was mislead by the subject line and body of Defendant's email into believing Defendant's lies. While this alone is sufficient to overcome Defendant's motion, the case law interpreting violations of section 17529.5(a)(3) further hold that any such question as to whether or not Defendant's July 8, 2013 email is in fact false or misleading is a question of fact to be reserved for the fact finder and not appropriate to determine at the pleading stage. For foregoing reasons and authorities so stated, Defendant's motion should be denied.

### 3.   Plaintiff Withdraws His Claim(s) Under Section 17529.2(b)

Plaintiff voluntarily withdraws both Plaintiff's individual claims and the putative class claims under Section 17529.2(b). Plaintiff will not pursue this claim either individually or on behalf of the putative class in this matter, including, but not limited to Trial.

### 4.   Plaintiff Sufficiently Plead Facts and Injury In Order to Maintain his Cause of Action Under the UCL and Further Plaintiff Only Seeks Injunctive Relief Under the UCL

Defendant seeks to dismiss Plaintiff's UCL claims due to the sole fact that Plaintiff did not purchase the plaque that Defendant advertised for sale in its July 8, 2013 email. However, Plaintiff is not seeking restitution by way of his UCL cause of action and only seeks injunctive relief. As confirmed by the Central District of California in 2006, "[f]irst, Plaintiffs do not seek monetary relief under

1  the UCL, but rather they seek only injunctive relief on this Claim. Although
2  TransUnion is correct that Plaintiffs would be required to show that TransUnion
3  took money directly from them in order to obtain money damages under the UCL,
4  *see Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163, 173, 96
5  Cal.Rptr.2d 518, 999 P.2d 706 (2000), no such burden exists here, where Plaintiffs
6  seek only injunctive relief." *White v. Trans Union, LLC*, 462 F.Supp.2d 1079,
7  1083 (C.D.CA 2006) (Citations in original).  This has further been confirmed by
8  the Central District of California in 2009: "[a]t least one court has held that where
9  a plaintiff seeks only injunctive relief, no such showing is required. *See White v.*
10 *Trans Union, LLC*, 462 F.Supp.2d 1079, (C.D.Cal.2006)."  *Lauter v. Anoufrieva*,
   642 F.Supp.2d 1060, 1096 (C.D.CA 2009).

11      Under the UCL, violative conduct may be either or all of the following: 1)
12 an "unlawful" business practice; 2) an "unfair" business practice; or 3) a
13 "fraudulent" business practice.  *Duagherty v. American Honda Motor Co., Inc.*,
14 144 Cal. App. 4th 824 (2006) [holding that "there are three varieties of unfair
15 competition: practices which are unlawful, unfair or fraudulent."].  In the instant
16 matter, Plaintiff only seeks redress under the "unlawful" and "fraudulent" prongs.
17 "Unlawful business activity includes 'anything that can properly be called a
18 business practice and that at the same time is forbidden by law." *Somerville* at *2.
19 As stated *Supra*, "[t]o state a cause of action under the fraudulent prong of Section
20 17200, it is necessary only to show members of the public are likely to be
21 deceived; allegations of actual deception, and reasonable reliance are
22 unnecessary." *Somerville* at *2.

23      Plaintiff has successfully plead a UCL cause of action under the "unlawful"
24 business practice prong by clearly and sufficiently pleading a cause of action
25 under another statutory provision, Section 17529.  *See Durell v. Sharp*
26 *Healthcare*, 183 Cal.App.4[th] 1350, 1366 (2010).  As argued *Supra*, Plaintiff's
27 17529 cause of action is well plead and as such satisfies the requirements that
28 Defendant has engaged in a business activity that is "forbidden by law" as

OPPOSITION TO MOTION TO DISMISS

1   confirmed by the *Somerville* Court.  For this reason alone, Plaintiff's UCL claim
2   for "unlawful" business practices withstands Defendant's motion.

3         Plaintiff's First Amended Complaint contains numerous specific factual
4   allegations pertaining to specific and exact representations made to Plaintiff as to
5   the goods and services offered by Defendant under the false and misleading
6   pretenses that Plaintiff had received recognition as a "Top Lawyer."  By way of
7   Plaintiff's quite particular and specific factual allegations coupled with Plaintiff's
8   well plead cause of action under Section 17529, Plaintiff has more than
9   adequately plead claims under the UCL for "unlawful" business practices and
10  Defendant's motion in this regard should be denied in its entirety.

11        Plaintiff has further successfully plead a UCL cause of action under the
12  "fraudulent" business practice.  As stated *Supra*, "[t]o state a cause of action
13  under the fraudulent prong of Section 17200, it is necessary only to show
14  members of the public are likely to be deceived; allegations of actual deception,
    and reasonable reliance are unnecessary." *Somerville* at *2.

15        Defendant's opposition does not to point to a single factual deficiency in
16  the First Amended Complaint and indeed simply relies upon the mistaken belief
17  that Plaintiff must plead an injury that can be remedied via restitution; which has
18  been shown to be incorrect.  Plaintiff's First Amended Complaint contains
19  numerous specific factual allegations pertaining to specific and exact
20  representations made to Plaintiff as to the goods and services offered by
21  Defendant under the false and misleading pretenses that Plaintiff had received
22  recognition as a "Top Lawyer."  By way of Plaintiff's quite particular and specific
23  factual allegations, Plaintiff has more than adequately plead claims under the
24  UCL for "fraudulent" business practices and Defendant's motion in this regard
25  should be denied in its entirety.

26

27

28

**5.     Plaintiff Sufficiently Plead Facts and Injury In Order to Maintain a Cause of Action Under the FAL and Further Plaintiff Only Seeks Injunctive Relief Under the FAL**

Defendant seeks to dismiss Plaintiff's FAL claims due to the sole fact that Plaintiff did not purchase the plaque that Defendant advertised for sale in its July 8, 2013 email.  However, similar to that of Plaintiff's UCL claims, Plaintiff is not seeking restitution by way of his FAL cause of action and only seeks injunctive relief.  As confirmed by the Central District of California in 2006, "[f]irst, Plaintiffs do not seek monetary relief under the UCL, but rather they seek only injunctive relief on this Claim. Although TransUnion is correct that Plaintiffs would be required to show that TransUnion took money directly from them in order to obtain money damages under the UCL, *see Cortez v. Purolator Air Filtration Prods. Co.,* 23 Cal.4th 163, 173, 96 Cal.Rptr.2d 518, 999 P.2d 706 (2000), no such burden exists here, where Plaintiffs seek only injunctive relief." *White v. Trans Union, LLC*, 462 F.Supp.2d 1079, 1083 (C.D.CA 2006) (Citations in original).  This has further been confirmed by the Central District of California in 2009: "[a]t least one court has held that where a plaintiff seeks only injunctive relief, no such showing is required. *See White v. Trans Union, LLC,* 462 F.Supp.2d 1079, (C.D.Cal.2006)."  *Lauter v. Anoufrieva,* 642 F.Supp.2d 1060, 1096 (C.D.CA 2009).

Plaintiff's First Amended Complaint contains numerous specific factual allegations pertaining to specific and exact representations made to Plaintiff as to the goods and services advertised by Defendant under the false and misleading pretenses that Plaintiff had received recognition as a "Top Lawyer."  By way of Plaintiff's quite particular and specific factual allegations coupled with Plaintiff's well plead cause of action under Section 17529, Plaintiff has more than adequately plead claims under the FAL and Defendant's motion in this regard should be denied in its entirety.

6.      **Plaintiff's Request for Injunctive Relief is Proper and Statutorily Authorized under the UCL**

Defendant concludes its motion with an attempt to dismiss Plaintiff's request for injunctive relief.  However, Defendant fails to recognize that Plaintiff's well plead UCL claim carries a statutorily authorized request for injunctive relief. Specifically, Section 17203 clearly states that: "Any person who engages, has engaged, or proposes to engage in unfair competition **may be enjoined in any court of competent jurisdiction**."  (emphasis added).  Further, numerous courts throughout the State of California have confirmed that such relief is in fact authorized, and in fact the most appropriate remedy in many claims brought under the UCL.

"Courts are authorized to fashion remedies to prevent. deter, and compensate for unfair business practices. *See* Cal. Bus. & Prof Code § 17203. To that end, California courts have found that **injunctions are the proper remedy to combat unfair business practices**, and that "[a]ctual direct victims of unfair competition may obtain restitution as well," *Korea Supply Co.*, 29 Cal.4th at 1152, 131 Cal.Rptr.2d 29, 63 P.3d 937."  *Skinmedia, Inc. v. Histogen, Inc.* 869 F.Supp.2d 1176, 1184 (S.D.CA.  2012) (emphasis added); *see* also *Churchill Village, L.L.C. v. General Elec. Co.*, 169 F.Supp.2d 1119 (N.D.CA. 2000), holding any person performing or proposing to perform an act of unfair competition within California may be enjoined in any court of competent jurisdiction; *Ballard v. Equifax Check Services, Inc.*, 158 F.Supp.2d 1163 (E.D.CA. 2001) holding that under the California Unfair Business Practices Act injunctive relief may be provided as a remedy for violations of law prohibiting unfair and anticompetitive business practices; *Irwin v. Mascott*, 112 F.Supp.2d 937 (N.D.CA. 2000) holding that injunctive relief offered by the California Unfair Business Practices Act protects the consumer by stopping the abusive debt collector in its tracks.

As such, as Plaintiff has properly and sufficiently plead a cause of action

1  under the UCL (as argued above), Plaintiff is statutorily authorized to seek

2  injunctive relief as a remedy.  This is not only confirmed by the plain language of

3  section 17203 itself, but confirmed by courts throughout California.  Defendant's

4  motion in this regard should be denied.

5         **7.**        **Plaintiff Withdraws His Claim Under the CLRA**

6         Plaintiff voluntarily withdraws both Plaintiff's individual claims and the

7  putative class claims under the CLRA.  Plaintiff will not pursue this claim either

8  individually or on behalf of the putative class in this matter, including, but not

9  limited to Trial.

                                  **CONCLUSION**

10         For the foregoing reasons and authority cited to herein, Plaintiff

11  respectfully requests that Defendant's motion be denied.   In the alternative,

12  Plaintiff respectfully requests this Honorable Court grant Plaintiff leave of court

13  to file a Second Amended Complaint.

14

15

16  Dated:  May 19, 2014                   Respectfully submitted,

17                               **Law Office of L. Paul Mankin, IV**

18

19                         By: /s/ L. Paul Mankin, IV

20                            L. Paul Mankin, IV

21                            Attorneys for Plaintiff Nicholas
                             Bontrager

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

3        I am a resident of the State of California, over the age of eighteen years,
and not a party to the within action.  My business address is LAW OFFICES OF
PAUL MANKIN, IV.   On May 19, 2014, I served the herein described
document(s):

4

5    **OPPOSITION TO MOTION TO DISMISS**

6        ON THE FOLLOWING PARTIES/ATTORNEYS:

7    **Kronenberger Rosenfeld, LLP**

8    Karl S. Kronenberger
karl@KRInternetLaw.com

9    Jerffrey M. Rosenfeld

10   jeff@KRInternetLaw.com
Conor H. Kennedy

11   conor@KRInternetLaw.com

12

13   [X]    **BY ELECTRONIC CASE FILING:** I filed the submitted the document

14          listed above via the court's Electronic Case Filing (ECF) system which
provides electronic mail (email) service of the listed document directly to

15          the party listed above to his/her "email address of record."

16

17   [X]    **STATE:** I declare under penalty of perjury under the laws of California that

18          the above is true and correct.

19
Executed on May 19, 2014, at Beverly Hills, California.

20

21                              By: _/ s/ Paul Mankin
L. Paul Mankin, IV

22

23

24

25

26

27

28

OPPOSITION TO MOTION TO DISMISS